IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NEW ATLANTIC VENTURE<br>FUND III, L.P., et al.,<br><br>        Petitioners,<br><br>    v.<br><br>VIR2US, INC.,<br><br>        Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Misc. No. 16-95-SLR |
| VIR2US, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>INVINCEA, INC., et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. No. 15-162-HCM-LRL<br>(E.D. Va.) |

**MEMORANDUM**

At Wilmington this 29th day of June, 2016, having reviewed non-party petitioners' motion to quash three non-party subpoenas (D.I. 1), respondent's cross motion to compel (D.I. 4), and the papers submitted in connection therewith, the court issues its decision based on the following analysis:

1. **Background.** This case relates to three identical subpoenas ("the subpoenas") issued on or about March 4, 2016 pursuant to Rule 45 of the Federal Rules of Civil Procedure by the United States District Court for the Eastern District of Virginia, at the request of Vir2us, Inc. ("Vir2us"), and directed to primary contacts for New Atlantic Venture Fund III, L.P.; Harbert Venture Partners III, L.P; and Grotech

Ventures III, LLC (collectively, the "non-party investors"), in care of their respective Delaware registered agents.[1] (D.I. 1, exs. A, B, C) The subpoenas request: (1) documents to be produced at Bunsow, De Mory, Smith & Allison LLP, located in Redwood City, California; and (2) the depositions of each non-party investor's corporate designee at Wilcox & Fetzer in Wilmington, Delaware related to the litigation pending before the Eastern District of Virginia[2] (the "underlying action").[3] (Id. at 2) The non-party investors move to quash the subpoenas or, in the alternative, for a protective order on the grounds that the subpoenas fail to comply with Federal Rule of Civil Procedure 26 and 45. (D.I. 1) Vir2us opposes the motion and files a cross motion to compel. (D.I. 4)

2. In the underlying action, Vir2us filed a complaint against Invincea Inc. and Invincea Labs LLC (collectively "Invincea") on April 15, 2015 for infringing U.S. Patent Nos. 7,392,541 and 7,536,598 (together, the "patents-in-suit"). (Id. at 2) The patents-in-suit involve "methods and apparatuses for containing malware in a separate processing environment to prevent the malware from infecting parts of the computer system outside of the contained environment." (Id. at 3) Vir2us alleges Invincea directly infringes "by making, using, and selling infringing software products," and indirectly infringes "by facilitating, instructing, and encouraging the deployment and use of the [above referenced software products] through technical and marketing literature, tutorials, presentations, and product demonstrations." (Id. at 5) Invincea denied the

---

[1] The non-party investors are each Delaware corporations with principal places of business outside of California. (D.I. 1 at 2)
[2] *Vir2us, Inc v. Invincea, Inc. et al.*, Civ. No. 15-162-HCM-LRL (E.D. Va. 2016).
[3] At this time, Vir2us has withdrawn its deposition requests. (D.I. 4 at 2) Vir2us maintains its request for documents and its motion to compel.

2

allegations and filed a counterclaim alleging that Vir2us infringes U.S. Patent No. 8,839,422. (*Id.*) Invincea subsequently moved to dismiss the counterclaim. (D.I. 1 at 6) Vir2us opposes the motion to the extent Invincea requests each party to bear its own costs and fees, alleging that Invincea and its Board failed to conduct a proper pre-filing investigation. (D.I. 4 at 6) Vir2us also alleges that Invincea continued with its counterclaim despite being aware that Vir2us was not infringing and that Invincea's patent was invalid. (*Id.*)

3. Vir2us and Invincea are competitors in the software market. (D.I. 5, ex 1 ¶ 10) The non-party investors invested in the early stages of Invincea. (D.I. 4 at 3) Principals for the non-party investors sit on Invincea's Board of Directors. (*Id.* at 12) The non-party investors are not competitors of Vir2us or Invincea or other named parties in the pending litigation. (D.I. 1 at 3)

4. On September 1, 2015, Invincea produced documents pursuant to a request for production, but excluded board meeting minutes and documents intended for investors or potential investors. (D.I. 4 at 7) On November 23, 2015, Invincea assured Vir2us that it was not withholding documents, other than those which were classified or privileged. (*Id.* at 7) In March 2016, during a meet and confer with Dell, Inc. (Invincea's business partner and investor), Vir2us became aware of the high probability that Invincea had not produced all responsive documents and, more specifically, not all PowerPoint slides presented to potential investors for securing venture capital. (*Id.*) Vir2us and Invincea dispute the relevancy of the slides. (*Id.*) Invincea ultimately produced six presentations, but Vir2us contends there are significantly more, including the presentations which were presented to the non-party investors. (*Id.*) Vir2us initially

requested the production to be in California, but is willing to work with the non-party investors to find a more convenient location for the documents to be produced, such as Wilmington, Delaware. (D.I. 4 at 15)

5. **Standard**. Under Federal Rule of Civil Procedure 45, the court is required, on timely motion, to quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to an undue burden.

Fed. R. Civ. P. 45(d)(3)(A).

6. Under Rule 45, a party is permitted to request "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). Rule 45 also imposes a duty on the party issuing the subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to [it]." Fed. R. Civ. P. 45(d)(1). The court is directed to "enforce this duty and impose an appropriate sanction . . . on a party who fails to comply." Id.

7. Pursuant to Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The court may "consider[] the importance of the issues at stake in the action, . . . the parties' relative access to relevant information, . . . the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. Rule 26 permits a "court, for good cause, [to]

4

issue [a protective] order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

8. **Analysis**. The non-party investors contend that the subpoenas impose an undue burden. More specifically, the non-party investors allege that Vir2us and Invincea already possess the requested documents so there is no reason for the non-party investors to be "forced to search for documents that may not exist, and . . . would be unlikely to shed any new light." (D.I. 1 at 5) Vir2us disputes this statement and claims Invincea failed to provide the requested information. When Vir2us requested all presentations made to investors and/or the Board, Invincea produced six investor presentations and several board meeting presentations. Vir2us argues that there are additional documents in existence, especially in light of the fact that the presentations made to the non-party investors were not included in the initial document production.

9. The non-party investors further contend that Vir2us should request the information from Invincea. As explained above, Vir2us initially requested the information from Invincea to no avail. Based on Invincea's redacted statements, the additional presentations and related information may no longer be in Invincea's possession.[4] Vir2us alleges that the non-party investors should have received the presentations, board minutes, and other requested documents because of their roles as investors and board members. Since Vir2us maintains the importance and relevancy of the documents to its case, it argues that the subpoenas at bar are its only available option for obtaining the information.

---

[4] Redacted statements made by Invincea to the Eastern District of Virginia court regarding the requested information. (D.I. 11 at 5)

5

10. As to the non-party investors' argument that Vir2us's requests are expansive and overly broad, each request limits the documents and communications to specific topics. In this regard, the non-party investors argue that the document request for **all** communications related to the counterclaim is unnecessary as the counterclaim has been withdrawn. Although the status of Invincea's counterclaim has not yet been resolved,[5] the court concludes that the request for "all" communications is overbroad, and should be limited to communications directed to the non-party investors from Invincea.[6]

11. The Third Circuit has held that the relevancy standard under Rule 26 is broad. *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999). The court, therefore, balances the relevance of the documents and Vir2us's need for them against the potential harm and burden placed on the non-party investors to comply with the subpoenas. *Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002). Vir2us has explained how the presentations and other documents will most likely contain highly relevant information necessary to support the issues of patent infringement and reasonable royalty damages in the pending action. (*See* D.I. 4 at 10, redacted) Based on this and Vir2us's offers to accommodate the non-party investors by

---

[5] Vir2us opposed Invincea's dismissal of the counterclaim to the extent that the parties are responsible for their own fees. The Virginia district court has held that the issue is under advisement. (D.I. 11 at 7)

[6] Limiting all requests in this fashion also addresses the concerns the non-party investors have regarding the protection of their trade secrets. To the extent Invincea's documents disclose their trade secrets, the non-party investors must produce a privilege log that would allow the court to assess any claim of privilege. The Virginia district court should resolve any privilege disputes.

moving the production location and withdrawing the depositions, the scales tip in Vir2us's favor.

12. The non-party investors' argument regarding the imposition of producing the documents in California has been resolved. Vir2us alleges its expectation was for the documents to be provided electronically or, in the event they were not, the parties would decide on a location at a later date. As the non-party inventors have brought this up in the motion to quash, Vir2us expressed in its reply that it "is amenable to the Court modifying the Subpeonas to "change the location to "Vir2us's Delaware Counsel's office in Wilmington, Delaware." (D.I. 4 at 15) As Vir2us points out, the non-party investors had not objected to being deposed in Wilmington, Delaware. (*Id.*) Unless the parties agree on a different place and time by **August 1, 2016**, the court orders the documents to be produced at Vir2us's Delaware counsel's office in Wilmington, Delaware.[7]

13. **Conclusion**. For the reasons stated above, the non-party investors' motion to quash is granted in part and denied in part, and Vir2us's cross-motion to compel is granted in part and denied in part. An appropriate order shall issue.

United States District Judge

---

[7] The non-party investors point out that Vir2us served two subpoenas on incorrect parties but did not challenge service.

7